IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| VS. | § | CRIMINAL ACTION NO. 9:08-CR-15 |
| MACK COOPER | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendant, a prisoner proceeding *pro se*, filed a motion for an extension of time to file a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended Section 2255 by imposing a one-year statute of limitations for filing a motion to vacate sentence. The limitation period begins to run from the latest of: (1) the date on which the judgment became final; (2) the date on which an impediment to filing created by unconstitutional government action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered by due diligence. The statute of limitations is not a jurisdictional bar, and may be equitably tolled in rare and extraordinary circumstances. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).

The court lacks jurisdiction to consider the timeliness of a Section 2255 motion until it is actually filed because there is no case or controversy to be heard, and any opinion would be merely advisory. *United States v. McFarland*, 125 Fed.Appx. 573, 574 (5th Cir. April 6, 2005) (unpublished); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). Therefore, the court may not grant defendant's motion for an extension of time.

In his motion, defendant set forth five grounds for review that he intends to present in his Section 2255 motion. The court is of the opinion that the motion for an extension of time has sufficient detail to be construed as a Section 2255 motion. Thus, the motion for an extension of time will be stricken from the criminal docket and filed as a Section 2255 motion. Such recharacterization may have serious consequences for the defendant because it subjects any subsequent Section 2255 motion to the restrictive conditions imposed for filing a second or successive motion to vacate sentence. *See Castro v. United States*, 540 U.S. 375, 377 (2003). If defendant does not wish to proceed with the Section 2255 motion, he may file a motion to dismiss within twenty days of the date of this order, and the motion will be dismissed without prejudice. It is accordingly

**ORDERED** that defendant's motion for an extension of time (document no. 94) is **STRICKEN** from the criminal docket and shall be filed as a new action brought pursuant to 28 U.S.C. § 2255. If defendant objects to the recharacterization of his pleading, he shall notify the court within twenty days of the date of this order.

**SIGNED** this the 14 day of **June, 2011.**

_____
Thad Heartfield
United States District Judge